

666 Old Country Road
Suite 700
Garden City, NY 11530

Admitted in New York and Massachusetts

Office: 516-683-0001
Cell: 516-459-4068
Fax: 516-228-0383
mark@goidell.com
www.goidell.com

January 29, 2025

**Via ECF**
Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Plaintiffs shall file a response to Defendants' letter by **February 7, 2025**.

Dated: January 30, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Griffoul v. Bridge Metaverse, LLC d/b/a Cached, et al.*
      Case No. 1:24-cv-07540-LGS

Dear Judge Scholfield,

    This office represents the defendant Michael Packman ("Packman") in the above-referenced matter and submits this letter motion to request a stay of discovery pursuant to Fed. R. Civ. P. 26(c) pending the decision on the motion to dismiss. The procedural vehicle of a letter-motion for a stay of discovery is expressly authorized by Rule 7.1(e) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters may be brought by letter-motion."). *See*, e.g. *Cuhadar v. Savoya LLC*, No. 24-cv-3615, 2024 WL 4142151, at *1 (E.D.N.Y. Sept. 11, 2024) (granting in part and denying in part letter motion for stay of discovery pending motion to dismiss).

    A stay of discovery is also requested because the co-defendant was only recently served and no attorney has yet filed an answer or appeared on his behalf. His time to answer was extended by plaintiff's counsel. Additionally, plaintiff has not filed or served their Initial Disclosures, in violation of the Civil Case Management Plan and Scheduling Order of this Court dated December 5, 2024 ("Scheduling Order") [ECF 25].

***Procedural History***

    Plaintiff commenced this action on October 4, 2024 by filing the Complaint. [ECF 1]. The Complaint alleged statutory claims under the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law, as well as common law claims under New York law.

    On November 4, 2024, Packman filed a pre-motion letter regarding his intent to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [ECF 12]. Thereafter, on November 13, 2024, Plaintiffs filed an Amended Complaint, [ECF 15], which alleges statutory and common law claims only under New York law.[1] Plaintiffs withdrew their claims under the FLSA.

---

[1] Pursuant to the directive of the Court Clerk, the Amended Complaint was refiled on November 14, 2024. [ECF 18].