UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                       :

BRIAN GRIFFOUL et al.,                :

                        Plaintiffs,  :        24 Civ. 7540 (LGS)

                                        :

              -against-          :        ORDER TO SHOW
                                      :         CAUSE

BRIDGE METAVERSE, LLC et al.,     :

                     Defendants.  :

                                        :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs bring this action against Defendants Bridge Metaverse, LLC,

Michael Packman, and Gregory Pelliteri.

WHEREAS, Defendants Packman and Pelliteri have been dismissed from this action

voluntarily pursuant to Fed. R. Civ. P. 41(a).

WHEREAS, Plaintiffs have filed a motion for an entry of confession of judgment against

Defendant Pelliteri.

WHEREAS, the Amended Complaint allegations are insufficient to establish diversity

jurisdiction.  The Amended Complaint alleges that Plaintiffs are citizens of New Jersey, the

District of Columbia, and Texas.  The Amended Complaint alleges that the individual Defendants

are citizens of California and New York, and that Bridge Metaverse, LLC is a Delaware limited

liability company with principal place of business in New York.  A limited liability company

"takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea*

*Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).  The Amended Complaint, however,

contains no allegations regarding the membership of Bridge Metaverse, LLC.  The Amended

Complaint allegations are therefore insufficient to establish the citizenship of Bridge Metaverse,

LLC.  That the original Complaint included a claim under the Fair Labor Standards Act does not

authorize supplemental jurisdiction over Plaintiffs' state law claims because "when a plaintiff

files a complaint in federal court and then voluntarily amends the complaint, courts look to the

amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S.

457, 473-74 (2007). It is hereby

ORDERED that, by **December 30, 2025,** Plaintiffs shall either (1) voluntarily dismiss

Defendant Bridge Metaverse, LLC, or (2) file a letter showing cause why this action should not

be dismissed for lack of subject matter jurisdiction or, in the alternative, why Bridge Metaverse,

LLC should not be dismissed pursuant to Federal Rule of Civil Procedure 21. *See Call Ctr.*

*Techs., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011)

("Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to

preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule

19(b).").

Dated: December 16, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE