UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
BRIAN GRIFFOUL et al.,                                    :
                                        Plaintiffs,       :
                                                          :          24 Civ. 7540 (LGS)
                    -against-                              :
                                                          :                 ORDER
BRIDGE METAVERSE, LLC et al.,                             :
                                        Defendants.       :
------------------------------------------------------------ X
LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Plaintiffs move for entry of a confession of judgment in this action against

Defendant Pelliteri.

        WHEREAS, the Court has jurisdiction to enforce the terms of the settlement agreement.

Upon notice of settlement, the Court issued an Order dated May 8, 2025 (the "30-day Order"),

dismissing the action without prejudice to restoring the action to the Court's calendar.  The 30-

day Order stated that "the Court does not retain jurisdiction to enforce the settlement unless the

settlement agreement is filed on the public docket."  On May 29, 2025, Plaintiffs filed the

settlement agreement on the public docket.  Therefore, by the 30-day Order, the Court "expressly

retain[ed] jurisdiction over the settlement agreement."  *Hendrickson v. United States*, 791 F.3d

354, 358 (2d Cir. 2015).

        WHEREAS, "[t]he Federal Rules of Civil Procedure do not specifically contemplate entry

of judgment by confession."  *Ream v. Berry-Hill Galleries, Inc.*, No. 16 Civ. 7462, 2020 WL

5836437, at *3 (S.D.N.Y. Oct. 1, 2020).  However, a federal court has power to enter a

confession of judgment as permitted by the law of the state where that court is located "where

subject matter jurisdiction exists and the confession of judgment was made knowingly and

voluntarily."  *Sapon v. Hanbat Rest., Inc.*, No. 18 Civ. 11457, 2021 WL 621170, at *1 (S.D.N.Y.

Feb. 16, 2021).

WHEREAS, New York law requires an affidavit executed by the defendant for entry of a confession of judgment.  C.P.L.R. § 3218(a) ("[J]udgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant . . . ."). As relevant here, the affidavit must (1) state "the sum for which judgment may be entered," (2) authorize "the entry of judgment," (3) state "the county where the defendant resides" and (4) state "concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due."  *Id.*  Judgment may be entered "at any time within three years after the affidavit is executed."  *Id.* § 3218(b).

WHEREAS, the document that Plaintiffs proffer in support of entry of judgment is deficient under New York law.  First, the document is not an affidavit or its equivalent because the document is neither notarized nor dated.  *See KSP Constr., LLC v. LV Prop. Two, LLC*, 204 N.Y.S.3d 54, 56 (1st Dep't 2024) (discussing requirement that affidavit be notarized); *Ream*, 2020 WL 5836437, at *4 (declining to enter judgment by confession based on document that was not notarized).  Nor does Plaintiffs' submission meet the requirements of C.P.L.R. § 2106 for an affirmation in lieu of an affidavit, including date of affirmation and acknowledgment of penalty of perjury.  Second, the affidavit does not state "the county where the defendant resides." C.P.L.R. § 3218(a)(1).  It is hereby

**ORDERED** that Plaintiffs' motion for entry of judgment by confession is **DENIED**.  It is further

**ORDERED** that, by **March 2, 2026**, Plaintiffs shall file either an amended motion and supporting documents correcting the deficiencies identified above, or a motion for settlement enforcement.  In either event, Plaintiffs shall contemporaneously file proof of service of that filing on Defendant Pelliteri.  It is further

**ORDERED** that, by **February 13, 2026,** Plaintiffs shall file proof of service of this Order on Defendant Pelliteri.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 65.

Dated: February 9, 2026
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**