UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :
BRIAN GRIFFOUL et al.,                              :
                                    Plaintiffs,     :          24 Civ. 7540 (LGS)
                                                    :
                     -against-                      :               ORDER
                                                    :
BRIDGE METAVERSE, LLC et al.,                       :
                                    Defendants.     :
----------------------------------------------------------- X
LORNA G. SCHOFIELD, District Judge:

   WHEREAS, Plaintiffs filed the Complaint in this action against Defendants Bridge

Metaverse, LLC ("Bridge"), Michael Packman, and Gregory Pelliteri on October 4, 2024.

   WHEREAS, Plaintiffs voluntarily dismissed Defendants Packman and Pelliteri pursuant

to Fed. R. Civ. P. 41(a).  Defendant Bridge has not appeared in this action.

   WHEREAS, on eight occasions, Plaintiffs have been directed to file an Order to Show

Cause for default judgment and other papers required by Local Civil Rule 55.2 as to Bridge.

Specifically, the Orders entered February 20, 2025, April 14, 2025, May 1, 2025, May 20, 2025,

January 12, 2026, January 28, 2026, February 11, 2026, and March 9, 2026, directed Plaintiffs to

do so.  Of these, the Orders entered May 20, 2025, January 12, 2026, January 28, 2026, and

March 9, 2026, stated that failure to do so may or would result in involuntary dismissal of Bridge.

   WHEREAS, Plaintiffs have failed to file compliant default judgment papers.  On April

11, 2025, and April 30, 2025, Plaintiffs timely sought extensions of the time to file default

judgment papers, which requests were granted.  On January 9, 2026, Plaintiffs secured a Clerk's

Certificate of Default, which was roughly seven months after Plaintiffs' extended deadline to file

default judgment papers.  Plaintiffs attempted to file a Proposed Order to Show Cause for default

judgment on February 4, 2026, February 18, 2026, and February 25, 2026.  Each time, the filing

was rejected as to form.  The Orders entered February 11, 2026, and March 9, 2026, directed

Plaintiffs to re-file the documents in accordance with the Court's rules and threatened dismissal for failure to re-file, but Plaintiffs failed to do so.  Plaintiffs have made no attempt to re-file since the March 9 Order.

WHEREAS, "[a] district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *accord Crispin v. Roach*, No. 24-460, 2025 WL 1364089, at *1 (2d Cir. May 12, 2025) (summary order).  No one factor is dispositive.  *See Baptiste*, 768 F.3d at 216; *Crispin*, 2025 WL 1364089, at *1.  An action may be dismissed with prejudice only if the court finds "willfulness, bad faith, or reasonably serious fault." *Baptiste*, 768 F.3d at 217; *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *5 (2d Cir. Oct. 31, 2024) (summary order).

WHEREAS, on balance, these factors support dismissal.  First, Plaintiffs have not filed compliant default judgment papers, despite being ordered to do so for the first time nearly one year ago.  While Plaintiffs timely requested extensions of the deadline in some instances, Plaintiffs have repeatedly missed deadlines without requesting any extension (including in response to the most recent Order entered March 9, 2026).  The first factor supports dismissal.

WHEREAS, second, Plaintiffs are on notice that continued non-compliance would result in dismissal.  Plaintiffs were warned on four occasions that failure to comply would result in dismissal.  The second factor supports dismissal.

WHEREAS, third, Defendant Bridge would not likely be prejudiced by further delay in the proceedings. Bridge has not appeared in the proceedings thus far. The third factor, although not dispositive, does not support dismissal.

WHEREAS, fourth, Plaintiffs have had ample chance to be heard in this action. Plaintiffs settled with two of the three defendants. Plaintiffs have had the opportunity to seek a default judgment against Bridge for over one year but have failed to do so. Extending further lenience to Plaintiffs' would not advance the directive of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The fourth factor supports dismissal.

WHEREAS, fifth, sanctions less dramatic than dismissal have been considered. No sanction short of dismissal would prove effective in this case in light of Plaintiffs' repeated "failure[s] to respond to the notice[s] threatening dismissal." *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008). The fifth factor also supports dismissal.

WHEREAS, the action is dismissed without prejudice, which does not operate as an adjudication on the merits. This dismissal is less severe than a dismissal with prejudice, because the Complaint's claims are not clearly time barred. *See Romano*, 2024 WL 4635227, at *5 (dismissal without prejudice operates as adjudication on the merits if claims are time-barred). The Complaint asserts claims for violations of New York Labor Law sections 191 and 193, breach of contract and unjust enrichment, all arising from conduct that allegedly occurred in 2024. The statute of limitations for each of these claims is six years. *See* N.Y. Lab. L. § 198(3) (applicable labor law statute of limitations); CPLR § 213(2) (express or implied contract statute of limitations). For clarity, Plaintiffs' repeated failure to comply with court orders would support a finding of "willfulness," which would make dismissal with prejudice appropriate. *See Baptiste*, 768 F.3d at 217; *Romano*, 2024 WL 4635227, at *5. This lesser sanction is imposed only to

3

ensure that "clients, who may be blameless," are not unduly sanctioned for counsel's failure to prosecute this case. *Baptiste*, 768 F.3d at 217.  It is hereby

ORDERED that Defendant Bridge Metaverse, LLC is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: March 17, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE